UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GARY F. ROBINSON,

              Petitioner,

       v.

KEN QUINN,

              Respondent.

Case No.  C06-5217 RBL/KLS

REPORT AND
RECOMMENDATION

**NOTED FOR:
OCTOBER 20, 2006**

     The petitioner in this action is seeking federal habeas corpus relief pursuant to 28 U.S.C. § 2254.  This case has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636 (b) (1) and Local MJR 3 and 4.  Petitioner has been granted leave to proceed *in forma pauperis.*  (Dkt. # 3).  Petitioner seeks to challenge his 2004 conviction and sentence.  (Dkt. # 4).  Respondent has filed an answer (Dkt. # 14) and Petitioner has filed a traverse (Dkt. # 19).  This matter is now ripe for review.  Upon review, it is the court's recommendation that the petition should be dismissed with prejudice as he failed to properly exhaust three of his claims and they are now procedurally barred under Washington law, and Petitioner's remaining claim of ineffective assistance of counsel is without merit.

## I.  BASIS OF CUSTODY

     Petitioner is in custody pursuant to his 2004 convictions for first-degree burglary, two counts of second-degree assault, and the second degree taking of a motor vehicle without permission.  He

REPORT AND RECOMMENDATION
Page - 1

pled guilty to these crimes in August of 2004.  (Dkt. # 15, Exh. 1-3).   The trial court sentenced Petitioner to 50 months of confinement.  (Id., Exh. 1 at 5).

## II. STATEMENT OF THE CASE

**A.    STATEMENT OF FACTS.**

The information summarized the facts of Mr. Robinson's crimes as follows:

### COUNT I

That GARY FRANK ROBINSON, in the State of Washington, on or about the 20th day of June, 2003, did unlawfully and feloniously, with intent to commit a crime against a person or property therein, enter or remain unlawfully in a building, located at 3021 South Orchard Street #2, Tacoma, and in entering or while in such building or in immediate flight therefrom, the defendant or another participant in the crime did intentionally assault Candace Wight and Gwendolyn Robinson, a person therein, contrary to RCW 9A.52.020(1)(b), a domestic violence incident as defined in RCW 10.99.020, and against the peace and dignity of the State of Washington.

### COUNT II

That GARY FRANK ROBINSON, in the State of Washington, on or about the 20th day of June, 2003, did unlawfully and feloniously, under circumstances not amounting to assault in the first degree, intentionally assault Gwendolyn Robinson, and thereby recklessly inflect substantial bodily harm, contrary to RCW 9A.36.021(1)(a), a domestic violence incident as defined in RCW 10.99.020, and against the peace and dignity of the State of Washington.

### COUNT III

That GARY FRANK ROBINSON, in the State of Washington, on or about the 20th day of June, 2003, did unlawfully and feloniously, under circumstances not amounting to assault in the first degree, intentionally assault Candace Wight, and thereby recklessly inflict substantial bodily harm, contrary to RCW 9A.36.021(1)(a), and against the peace and dignity of the State of Washington.

### COUNT VI

That GARY FRANK ROBINSON, in the State of Washington, on or about the 20th day of June, 2003, did unlawfully and feloniously, without permission of Candace Wight, the owner or person entitled to possession, intentionally take or drive away an automobile or motor vehicle, to-wit: 1995 Honda Civic, contrary to RCA 9A.56.070(2)(a), and against the peace and dignity of the State of Washington.

(Dkt. # 15, Exh. 4).

REPORT AND RECOMMENDATION
Page - 2

**B.    STATEMENT OF PROCEDURAL HISTORY**

**1.    <u>Personal Restraint Petition</u>**

In April of 2005, Mr. Robinson filed a personal restraint petition, in which he raised the following grounds for review:

> My offender score was miscalculated because the prosecutor used my current offenses as a basis to sentence me. I had no prior felonies at the time of sentencing. My current offenses should not have been used to sentence me. Since they were, my offenses encompass the same criminal conduct and should be found to be one crime. RCW 9.94A.589(1)(a) Where current offenses are found to encompass the same criminal conduct those current offenses shall be counted as one crime. These offenses happened at the same time, 6-20-03, at the same place, my home 3021 Orchard St. #2 and to the same victims, Gwen Robinson, my wife and Candace Wight, her supervisor at Western State Hospital.

> The defendant, Gary Robinson asks this Honorable Court to find that my offenses encompass the same criminal conduct and are to be viewed and sentenced as one crime. That this one crime shall produce only one strike and one point. Also, the defendant asks this court to find that I have been punished multiple times for the same offense. The Burglary in the First Degree and the two Assaults in the Second Degree be merged into one offense of Burglary in the First Degree. Also, the defendant asks this court to find that defense counsel was ineffective in not raising the issue of double jeopardy. Defendant asks this court to appoint another defense Counselor to represent him. Defendant also asks this court to instruct the Sentencing court to resentence him with zero points as a first time felon. Defendant realizes that he can't get first offender status because of a violent offense but he should still be sentenced with zero points as a first time offender.

> Second Grounds

> My defense counsel was ineffective for failing to raise the issue of same criminal conduct and double jeopardy.

> Third Grounds

> My constitutional right not to be prosecuted multiple times for the same offense was violated when the prosecutor failed to see that the Burglary in the First Degree and the Second Degree Assaults should merge.

> I, Garry Robinson am a first time felony offender. I should be resentenced with zero offender points. What points I get from my current offenses should only be used against me if I re-offend. Also, there is no evidence to support two second degree assaults, no evidence to support taking a motor vehicle without permission and no evidence to support a First Degree Burglary conviction. I plead to these offenses after recieving [sic] intense pressure from my Attorney and the prosecutor Heather Demaine. I was told that I could get up to 110 months if I lost in trial. My Attorney had already said that he could not win my case in trial. I was the victim of scare tactics used by the prosecutor and my defense attorney. In my opinion, the prosecutor and the State of Washington should be found guilty of misconduct and malicious prosecution. I should not have received 50

REPORT AND RECOMMENDATION
Page - 3

months of prison and two strikes for slapping my wife. There are no medical records that support a Second Degree Assault of my wife. Also, my Attorney is guilty of ineffective assistance of counsel for allowing me to plead to such a miscarriage of justice.

(Id., Exh. 5 at 3, 5, 6, 7, 11).

The Washington Court of Appeals dismissed the petition.  (Id., Exh. 6).  Petitioner petitioned for review.  (Id., Exh. 7).  He raised the following grounds for review:

My offender score was miscalculated because my offenses are the same criminal conduct.

I was not informed that my current offenses were being used against me as prior convictions.

I was not armed with any weapon, therefore the only way the prosecutor could charge me with First-Degree Burglary was by proving the assaults. Without these Assaults occurring, there could be no First-Degree Burglary, so the Assaults and Burglary should merge. By separating First Degree Burglary into its lesser included offenses, it violates my right to not be punished multiple times for the same offense.

My attorney, Sverre Staurset was very ineffective for not informing me that my prior convictions included my prior charges. Had I known this, I would not have stipulated to those prior convictions being accurate and my offender score being correct. Also, my attorney never brought up the issue of same criminal conduct when he knew that the prosecutor had already defined my offenses as same criminal conduct. He also never brought up the double jeopardy issue of Doctrine of Merger.

The Sixth Amendment to the U.S. Constitution says in part that an attorney is to assist the defendant with his defense. My attorney made no effort to assist me when I brought up the issue of my miscalculated offender score or to explain to me in any way, why, I was being sentenced with five points, and why I have two strikes.

(Id., Exh. 7 at 3, 5, 6, 7, 8).  The Supreme Court denied review.  (Id., Exh. 8).

## III. ISSUES

Mr. Robinson's petition presents this Court with the following grounds for relief:

Same Criminal Conduct x 2 [sic]

Miscalculated Offender Score

Double Jeopardy

Ineffective Assistance of Counsel

(Id., Exh. 4, p. 6-11).

REPORT AND RECOMMENDATION
Page - 4

1

2              **IV. <u>EXHAUSTION OF STATE REMEDIES</u>**

3         In order to satisfy the exhaustion requirement, Petitioner's federal claims must have been

4    fairly presented to the state's highest court.  <u>Picard v. Connor</u>, 404 U.S. 270, 276 (1971); <u>Middleton</u>

5    <u>v. Cupp</u>, 768 F.2d 1083, 1086 (9th Cir. 1985).

6         As is more fully discussed in paragraph VII below, Petitioner failed to properly exhaust his

7    first three claims.  In addition, Petitioner's claims are now procedurally barred under Washington law

8    and the claims are not cognizable in federal court absent a showing of cause and prejudice or a

9    fundamental miscarriage of justice.  Although Respondent states that Petitioner may not have

10   exhausted his fourth claim of ineffective assistance of counsel, Petitioner did present the claim as a

11   federal constitutional violation by referring to the Sixth Amendment of the Federal Constitution in his

12   petition for review to the Washington Supreme Court.  (Dkt. # 15, Exh. 7 at 6-8).  By not presenting

13   the ineffectiveness claim as a federal constitutional one at every level of the state court review,

14   Petitioner arguably did not properly exhaust the claim.   However, Respondent has addressed the

15   argument on substantive grounds and the court has reviewed it on substantive grounds in this habeas

16   petition.

17

18              **V.  EVIDENTIARY HEARING**

19        A petitioner who fails to develop the factual basis of a claim in state court is not entitled to an

20   evidentiary hearing unless the claim relies on:

21             (i) a new rule of constitutional law, made retroactive to cases on collateral review by
               the Supreme Court, that was previously unavailable; or

22
               (ii) a factual predicate that could not have been previously discovered through the
23             exercise of due diligence;
               and

24
               (B) the facts underlying the claim would be sufficient to establish by clear and
25             convincing evidence that but for constitutional error, no reasonable factfinder would
               have found the applicant guilty of the underlying offense. . . .

26
     28 U.S.C. § 2254(e)(2).

27

28
     REPORT AND RECOMMENDATION
     Page - 5

1       "[T]he statute applies only to prisoners who have 'failed to develop the factual basis of a

2   claim in State court proceedings.'" <u>Williams v. Taylor</u>, 529 U.S. 420, 430 (2000). "[A] failure to

3   develop the factual basis of a claim is not established unless there is a lack of diligence, or some

4   greater fault, attributable to the prisoner or the prisoner's counsel." <u>Id</u>. at 432. "Diligence for

5   purposes of the opening clause depends upon whether the prisoner made a reasonable attempt, in

6   light of the information available at the time, to investigate and pursue claims in state court; it does

7   not depend ... upon whether those efforts could have been successful." <u>Id</u>. at 435; <u>Baja v. Ducharme</u>,

8   187 F.3d 1075, 1078-79 (9th Cir. 1999).

9       The decision to hold a hearing is committed to the Court's discretion. <u>Williams v. Woodford</u>,

10  306 F.3d 665, 688 (9th Cir. 2002). A hearing is not required unless the petitioner "alleges facts

11  which, if proved, would entitle him to relief." <u>Townsend v. Sain</u>, 372 U.S. 293, 312 (1963).   The

12  Petitioner must produce some evidence demonstrating the existence of a genuine question of material

13  fact. <u>Morris v. State of California</u>, 966 F.2d 448, 454-55 (9th Cir. 1991), <u>cert. denied</u>, 506 U.S. 831

14  (1992). A hearing is not required if the claim presents a purely legal question or may be resolved by

15  reference to the state court record.   <u>Campbell v. Wood</u>, 18 F.2d 662, 679 (9th Cir.) (<u>en banc</u>), <u>cert.</u>

16  <u>denied</u>, 511 U.S. 1119 (1994).   Petitioner is not entitled to an evidentiary hearing in this case as he

17  has alleged no facts which, if proved, would entitle him to relief.  In addition, the issues before the

18  Court may be resolved entirely by reference to the state court record.

19

20                           **VI.  STANDARD OF REVIEW**

21

22      State court judgments carry a presumption of finality and legality. <u>McKenzie v. McCormick</u>,

23  27 F.3d 1415, 1418 (9th Cir. 1994), <u>cert. denied</u>, 513 U.S. 1118 (1995).  Habeas relief does not lie

24  for errors of state law. <u>Estelle v. McGuire</u>, 502 U.S. 62, 67 (1991). The petitioner must prove by a

25  preponderance of the evidence that the custody violates the Constitution, laws or treaties of the

26  United States. <u>McKenzie</u>, 27 F.3d at 1418-19. The petitioner must also show the state court

27  adjudication of the claims was contrary to or an unreasonable application of federal law. 28 U.S.C. §

28  2254(d). If a petitioner establishes a constitutional trial error, the Court must determine if the error

REPORT AND RECOMMENDATION
Page - 6

1    caused actual and substantial prejudice.  Brecht v. Abrahamson, 507 U.S. 619, 637-39 (1993). A

2    state court's interpretation of state law is binding upon the federal courts. Oxborrow v. Eikenberry,

3    877 F.2d 1395 (9th Cir.), cert. denied, 493 U.S. 942 (1989).   State court findings of fact are

4    presumed correct unless the petitioner rebuts the findings of fact by clear and convincing evidence.

5    28 U.S.C. § 2254(e)(1).

6

7                               **VII.   DISCUSSION**

8    A.      **Exhaustion And Procedural Bars of Claims One, Two And Three**

9            1.      **Petitioner Has Failed To Properly Exhaust Claims One, Two and Three**

10           A state prisoner must exhaust state remedies with respect to each claim before petitioning for

11   a writ of habeas corpus in federal court. Granberry v. Greer, 481 U.S. 129, 134 (1987). Claims for

12   relief that have not been exhausted in state court are not cognizable in a federal habeas corpus

13   petition.  James v. Borg, 24 F.3d 20, 24 (9th Cir. 1993), cert. denied, 115 S. Ct. 333 (1994). The

14   exhaustion doctrine is based upon comity, not jurisdiction. Rose v. Lundy, 455 U.S. 509, 518

15   (1982).

16           It is the petitioner's burden to prove that a claim has been properly exhausted and is not

17   procedurally barred. Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981). A claim must be

18   "fully and fairly" presented to the state's highest court so as to give the state courts a fair

19   opportunity to apply federal law to the facts. Anderson v. Harless, 459 U.S. 4 (1982); Picard v.

20   Connor, 404 U.S. 270, 276-78 (1971). It is not enough that all the facts necessary to support the

21   federal claim were before the state courts, or that a somewhat similar state law claim was made. In

22   order to exhaust the federal habeas claim, petitioner must have fairly presented to the state courts the

23   substance of his federal habeas claim. Anderson, 459 U.S. at 6-7 (citations omitted). The petitioner

24   must present the claims to the state's highest court, even where such review is discretionary.

25   O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

26           Vague references to broad constitutional principles such as due process, equal protection and

27   a fair trial do not satisfy the exhaustion requirement. Gray v. Netherland, 518 U.S. 152, 162 (1996);

28

REPORT AND RECOMMENDATION
Page - 7

1   Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Gatlin v. Madding, 189 F.3d 882, 888 (9th

2   Cir. 1999), cert. denied, 120 S. Ct. 815 (2000). "[A] claim for relief in habeas corpus must include

3   reference to a specific federal constitutional guarantee, as well as a statement of the facts which

4   entitle the petitioner to relief." Gray, 518 U.S. at 163.

5       Petitioner's first, second and third claims were not presented to the state courts as violations

6   of Petitioner's federal rights and thus, those claims were not properly exhausted.  His first habeas

7   claim, that the crimes of which he was convicted encompassed the same criminal conduct, was

8   presented solely as a state law claim in his collateral proceedings.  (Dkt. # 15, Exh. 5 at 6, 8 and Exh.

9   7 at 6, 8).  In his personal restraint petition, Petitioner's reference to a violation of his "constitutional

10  right," is too vague to satisfy the exhaustion requirement.  (Id., Exh. 5 at 8); see, Gray, 518 U.S. at

11  162.  Petitioner's second habeas claim, miscalculation of his offender score, was also presented

12  solely as a state law issue.  (Id., Exh. 5 at 3, 6, Exh. 7 at 3).  And, as to Petitioner's third claim, that

13  his conviction violated prohibition against double jeopardy, he made only the single assertion that

14  charging him with the separate offense violated the prohibition against double jeopardy.  (Id., Exh. 5

15  at 6, Exh. 7 at 7).  This is insufficient to properly exhaust the claim.  See Gray, supra.

16      Petitioner's first, second and third habeas corpus claims are, however, technically

17  "exhausted," under 28 U.S.C. § 2254(c) and the Ninth Circuit case law, as he cannot return to state

18  courts to present the claims as federal constitutional issues as the claims are now procedurally

19  barred.   More than one year has elapsed since Petitioner's conviction became final.  (Dkt. # 15,

20  Exh. 1); RCW 10.73.090 (3)(a).  Because Petitioner plead guilty, his conviction became final when it

21  was filed with the court clerk on August 4, 2004.  Petitioner is now time-barred from collaterally

22  attacking his judgment and sentence in the Washington state courts by the one-year statute of

23  limitations of RCW 10.73.090.

24      As Petitioner has already filed a personal restraint petition collaterally attacking his judgment

25  and sentence in the Washington state courts, RCW 10.73.140 now bars him from filing a second

26  personal restraint petition raising these issues as federal constitutional ones.  Petitioner may only

27  receive review of these defaulted claims if he can prove cause and actual prejudice or a fundamental

28

REPORT AND RECOMMENDATION
Page - 8

1  miscarriage of justice.

2

3      **2.      Petitioner Cannot Show Cause and Prejudice or Fundamental Miscarriage Of Justice To Excuse His Procedural Default**

4          Unless it would result in a "fundamental miscarriage of justice," a petitioner who

5  procedurally defaults may receive review of the defaulted claims only if he demonstrates "cause" for

6  his procedural default and "actual prejudice" stemming from the alleged errors. <u>Coleman v.</u>

7  <u>Thompson</u>, 111 S. Ct. at 2565. To show "cause", the petitioner must show that some objective

8  factor, external to the petitioner, prevented compliance with the state's procedural rule. <u>Id</u>. at 2566.

9  The factor must not only have been external and objective, but it must have actually caused the

10 petitioner's failure to properly exhaust a claim in compliance with state procedural rules. <u>Burks v.</u>

11 <u>Dubois</u>, 55 F.3d 712, 717 (1st Cir. 1995). "The fact that [a petitioner] did not present an

12 available claim or that he chose to pursue other claims does not establish cause." <u>Martinez-Villareal v.</u>

13 <u>Lewis</u>, 80 F.3d 1301, 1306 (9th Cir. 1996).

14         A petitioner can demonstrate "cause" by showing interference by state officials, the

15 unavailability of the legal or factual basis for a claim, or constitutionally ineffective assistance of

16 counsel. <u>Murray v. Carrier</u>, 477 U.S. 478, 488 (1986). A petitioner cannot demonstrate cause to

17 excuse a procedural default where the cause is fairly attributable to the petitioner's own conduct.

18 <u>McCoy v. Newsome</u>, 953 F.2d 1252, 1258 (11th Cir. 1992). A petitioner cannot show cause for a

19 procedural default where the petitioner bears "the costs associated with an ignorant or inadvertent

20 procedural default" or "where the failure to raise a claim is a deliberate strategy." <u>Coleman</u>, 111 S.

21 Ct. at 2566. "An evidentiary hearing is not necessary to allow a petitioner to show cause and

22 prejudice if the court determines as a matter of law that he cannot satisfy the standard." <u>Clark v.</u>

23 <u>Lewis</u>, 1 F.3d 814, 820 (9th Cir. 1993).

24         There is no evidence in this case of cause and prejudice or a fundamental miscarriage of

25 justice. Because Petitioner cannot excuse his procedural default, his claims are not cognizable in this

26 habeas corpus proceeding.

27 **B.     Petitioner's Ineffective Assistance of Counsel Claim**

28

REPORT AND RECOMMENDATION
Page - 9

1    Petitioner claims his trial counsel was ineffective when he failed to argue that the two assaults

2 were the same criminal conduct and should have been treated as a single offense.  As a result,

3 Petitioner claims that his offender score was miscalculated, resulting in a much higher, improper

4 sentence.

5    To support a claim of ineffective assistance of counsel, a petitioner must satisfy a two-part

6 standard.  First, the petitioner must show that counsel's performance was so deficient that it "fell

7 below an objective standard of reasonableness."   Strickland v. Washington, 466 U.S. 668, 686

8 (1984).  This burden is highly demanding, as the defendant must prove he was denied a fair trial by

9 the gross incompetence of counsel.  Kimmelman v. Morrison, 477 U.S. 365, 382 (1986).  Second,

10 the petitioner must show that the deficient performance prejudiced the defense so "as to deprive the

11 defendant of a fair trial, a trial whose result is reliable."  Strickland, 466 U.S. at 687.  Unless the

12 defendant's showing satisfies both parts of the analysis, "it cannot be said that the conviction . . .

13 resulted from a breakdown in the adversary process that renders the result unreliable."  Id.  Because

14 the petitioner must satisfy both prongs of the Strickland test, a court need not address both prongs if

15 the petitioner makes an insufficient showing of one prong.  Id. at 697.  Judicial review of an

16 attorney's performance is "highly deferential and doubly deferential when it is conducted through the

17 lens of federal habeas."  Yarborough v. Gentry, 124 S. Ct. 1, 4 (Oct. 20, 2003).

18    Under the first prong of the Strickland test, the question is whether counsel's assistance was

19 reasonable under the totality of the circumstances, viewed as of the time of counsel's conduct.

20 Strickland, 466 U.S. at 690. To succeed under the first prong, the petitioner must show the

21 attorney's conduct "reflect[s] a failure to exercise the skill, judgment, or diligence of a reasonably

22 competent attorney."  United States v. Vincent, 758 F.2d 379, 381 (9th Cir.), cert. denied, 474 U.S.

23 838 (1985).

24 There is a strong presumption that counsel's performance fell within the wide range of reasonable

25 assistance.  Strickland, 466 U.S. at 689.

26    Under Strickland's second prong, the petitioner must demonstrate prejudice, i.e., "that, but

27 for counsel's unprofessional errors, the result would have been different."  Strickland, 466 U.S. at

28

REPORT AND RECOMMENDATION
Page - 10

694. To prove prejudice, petitioner must establish a "*reasonable probability* that, but for counsel's unprofessional errors, the results of the proceeding would have been different." Woodford v. Visciotti, 537 U.S. 19, 22 (2002) (per curiam) (emphasis in the original) (citing Strickland, 466 U.S. at 694). However, sheer outcome determination is not sufficient to make out a Sixth Amendment violation: a proper prejudice inquiry focuses on whether counsel's errors or omissions rendered the proceeding fundamentally unfair or the result unreliable. Lockhart v. Fretwell, 506 U.S. 364, 369 (1993). "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." Id. at 372.

Washington statutes and case law dictate that Petitioner's assault and burglary convictions would not have merged:  RCW 9.94A.589 provides, in part, that

> (1)(a) Except as provided in (b) or (c) of this subsection, whenever a person is to be sentenced for two or more current offenses, the sentence range for each current offense shall be determined by using all other current and prior convictions as if they were prior convictions for the purpose of the offender score: PROVIDED, That if the court enters a finding that some or all of the current offenses encompass the same criminal conduct then those current offenses shall be counted as one crime. Sentences imposed under this subsection shall be served concurrently. Consecutive sentences may only be imposed under the exceptional sentence provisions of RCW 9.94A.535. "Same criminal conduct," as used in this subsection, means two or more crimes that require the same criminal intent, are committed at the same time and place, and involve the same victim. This definition applies in cases involving vehicular assault or vehicular homicide even if the victims occupied the same vehicle.

RCW 9A.52.050 provides that

> Every person who, in the commission of a burglary shall commit any other crime, may be punished therefor as well as for the burglary, and may be prosecuted for each crime separately.

The Washington state court held RCW 9A.52.050's plain language showed the Legislature intended:

> That 'any other crime' committed in the commission of a burglary would not merge with the offense of . . . burglary when a defendant is convicted of both. In this instance the 'other crime' is assault. The statute does not evidence a contrary intent.

State v. Sweet, 138 Wash.2d 466, 478-479 (1999) (concluding the anti-merger RCW 9A.52.050 allows the assault and burglary offenses to be separately charged and punished upon conviction for

REPORT AND RECOMMENDATION
Page - 11

1   both); State v. Tresenriter, 101 Wash.App. 486, as amended, (2000) (concluding under RCW

2   9.94A.400 all firearm theft convictions constituted the same criminal conduct). Id. at 497.

3          Accordingly, based on Washington case law and statutes, Petitioner's assault and burglary

4   convictions would not merge.  The two assaults could not be treated as a single offense because the

5   assaults were committed against different victims.  Because Washington case law and statutes were

6   clear in this regard, it was objectively reasonable for Petitioner's counsel to not argue that the

7   burglary and assault should have merged, as Petitioner insists.

8          Additionally, the Washington state courts' adjudication of the claim on the merits was not

9   contrary to or an unreasonable application of clearly established federal law, as determined by the

10   United States Supreme Court.   The Washington Court of Appeals adjudicated Plaintiff's ineffective

11   assistance claim on the merits and found that because Petitioner's offender score miscalculation,

12   same criminal conduct, and double jeopardy claims had no merit, Petitioner failed to show how his

13   counsel's performed was deficient in not raising these claims:

> Garry Frank Robinson seeks relief from personal restraint imposed following his 2004 convictions of first-degree burglary, second-degree assault (2 counts), and taking a motor vehicle without owner's permission. He claims that his restraint is unlawful because the sentencing court used an incorrect offender score, his offenses were same criminal conduct, his convictions violate double jeopardy protections, and counsel provided ineffective assistance.
>
> RCW 9.94A.589 directs the sentencing court to treat all other current offenses as prior offense when calculating an offender score:
>
> (1)(a) Except as provided in (b) or (c) of this subsection, whenever a person is to be sentenced for two or more current offenses, *the sentence range for each current offense shall be determined by using all other current and prior convictions as if they were prior convictions for the purpose of the offender score:* PROVIDED, That if the court enters a finding that some or all of the current offenses encompass the same criminal conduct then those current offenses shall be counted as one crime…."Same criminal conduct," as used in this subsection, means two or more crime that require the same criminal intent, are committed at the same time and place, and involve the same victim. This definition applies in cases involving vehicular assault or vehicular homicide even if the victims occupied the same vehicle.

REPORT AND RECOMMENDATION
Page - 12

1

2          Under this statute then, the sentencing court had to treat each
    of petitioner's current offenses as prior offenses in determining his
3   offender score, unless the offenses were the same criminal conduct.
    Only then, would they count as a single offense. Former RCW
4   9.94A.030(45)(a)(i) and (viii)(2003) define petitioner's burglary and
    assault convictions as "violent offenses." Former RCW
5   9.94A.525(8)(2003) directs the sentencing court to assign two
    offender score points for each violent offense if the present offense is a
6   violent offense.

7          The sentencing court followed these directives. In calculating
    the offender score for the burglary, each assault counted as two points
8   and the TMVWOP counted as one point, leaving an offender score of
    five. In calculating the offender score for each assault, the burglary and
9   the other assault counted as two points and the TMVWOP counted as
    one point, leaving an offender score of five. In calculating the offender
10  score for the TMVWOP, a non-violent offense, the other offenses
    counted one point each, leaving an offender score of three. Petitioner
11  fails to show any error in his offender score calculation.

12         Petitioner's assertion that his offenses involved the same
    criminal conduct also fails. First, RCW 9A.52.050 authorizes separate
13  punishment for a burglary when other offenses are committed. It
    provides: "Every person who, in the commission of a burglary shall
14  commit any other crime, may be punished therefore as well as for the
    burglary, and may be prosecuted for each crime separately." Second,
15  burglary and assault have different intents. *Compare* RCW
    9A.52.020(1) with RCW 9A.36.021(1)(a). Third, each assault
16  involved a different victim. And finally, petitioner waived any claim of
    same criminal conduct when he stipulated to his criminal history and
17  offender score calculation and by not making his claim at sentencing.
    *See In re Personal Restraint Petition of Goodwin*, 146 Wn.2d 861,
18  874-75, 50 P.3d 618 (2002) (citing *State v. Majors*, 94 Wn.2d 354,
    358-59, 616 P.2d 1237 (1980); *State v. Nitsch*, 100 Wn. App. 512,
19  997 P.2d 1000, *review denied*, 141 Wn.2d 1030 (2000)).

20         Next, petitioner [sic] convictions do not violate double
    jeopardy protections as they are not the same in law or fact. *See State
21  v. Louis*, __ Wn.2d __, __ P.3d __, 2005 Wash. LEXIS 803. <u>Finally,
    because petitioner's offender score miscalculation, same criminal
22  conduct, and double jeopardy claims have no merit, petitioner fails to
    show his counsel's performance was deficient for not raising them.</u>
23  Thus, petitioner's ineffective assistance of counsel claim fails. *State v.
    Thomas*, 109 Wn.2d 222, 225-26, 742 P.2d 816 (1987); *see also, In
24  the Matter of the Personal Restraint Petition of Pirtle*, 136 Wn.2d
    467, 487, 965 P.2d 593 (1996). Petitioner fails to show unlawful
25  restraint.

(Dkt. # 15, Exh. 6 at 1-3) (emphasis added).

26
          The Washington Supreme Court also adjudicated the claim on the merits and reached a
27
    similar conclusion:
28

REPORT AND RECOMMENDATION
Page - 13

1

2

3

4

5

Mr. Robinson contends that, for the purposes of calculating his offender scores, the two assaults constituted the "same criminal conduct." RCW 9.94A.589(1)(a). But since Mr. Robinson committed the assaults against different victims, the crimes were not the "same." *Id*. Mr. Robinson argues that the crimes should be considered the same because he committed them in the same apartment. He notes that the definition of "same criminal conduct" expressly "applies in cases involving vehicular assault or vehicular homicide even if the victims occupied the same car." *Id*. He reasons that, similarly, the definition should apply when the victims occupy the same home.

6

7

8

9

10

11

12

13

But the quoted language applies only to vehicular assault and vehicular homicide. Moreover, Mr. Robinson misapprehends its meaning. Previously, the definition of "same criminal conduct," with its requirement that the victim be the same, expressly *did not* apply to vehicular assaults or homicides committed against multiple victims in the same vehicle. See Laws of 1995, ch. 167, § 2. This meant that, when multiple victims occupied the same vehicle, multiple acts of vehicular homicide or assault against those victims constituted the same criminal conduct. *See State v. Curran*, 116 Wn.2d 174, 185, 804 P.2d 558 (1991). The legislature amended the statute to its current form in 1996, so that now multiple vehicular homicides or assaults are treated as separate crimes *even if* the victims occupied the same vehicle. Laws of 1996, ch. 199, § 3.

14

15

16

Mr. Robinson also argues that the assaults "merged" into the burglary for double jeopardy purposes because they were used to elevate the burglary to the first degree. But courts expressly may punish both the burglary and any crime committed in the course of the burglary. RCW 9A.52.050. An assault committed in the course of a burglary does not merge with the burglary. State v. Sweet, 138 Wn.2d 466, 478-79, 980 P.2d 1223 (1999).

17

18

Finally, because the trial court correctly calculated the offender score, Mr. Robinson's counsel was not ineffective in regard to the scores.

19

(Dkt. # 15, Exh. 8 at 1-2) (emphasis added).

20

21

22

23

24

25

The court is not aware of any United States Supreme Court cases that would hold under the circumstances of this case the Petitioner's right to effective assistance of counsel was violated.  In the absence of such a case, the state courts' adjudication of the claim on the merits cannot be contrary to, or an unreasonable application of clearly established federal law. See Dows v. Wood, 211 F.3d 480, 486 (9th Cir. 2000).

26

27

28

REPORT AND RECOMMENDATION
Page - 14

1

**VIII.  <u>CONCLUSION</u>**

2      Based on the foregoing discussion, the Court should  **DISMISS** the petition **WITH**

3  **PREJUDICE**.  A proposed order accompanies this Report and Recommendation.

4      Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure,

5  the parties shall have ten (10) days from service of this Report and Recommendation to file written

6  objections. *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those

7  objections for purposes of appeal.  <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).  Accommodating the time

8  limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **October 20,**

9  **2006** as noted in the caption.

10

11      DATED this <u>15th</u>  day of September, 2006.

12

13

14

15                          Karen L. Strombom
                          United States Magistrate Judge
16

17

18

19

20

21

22

23

24

25

26

27

28

REPORT AND RECOMMENDATION
Page - 15